UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CC MONROE,

                            Plaintiff,

                -against-

THE CITY OF NEW YORK, ET AL.,

                            Defendants.

25-CV-10260 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff CC Monroe brings this *pro se* action, invoking 42 U.S.C. § 1983 and the
Racketeer Influenced and Corrupt Organization Act ("RICO"). Named as Defendants are the
City of New York; Blue Owl Capital; Associa; Choice NY Management; Horizon at 391
Weirfield, LLC; Michael Feldman; and John Does 1-10, who include members of the "Forbidden
Ones" motorcycle club and "Third Party Contractors." (ECF 1, at 1.) Since filing the complaint
in this action on December 10, 2025, Plaintiff has filed 15 additional letters and declarations,
totaling more than 125 single-spaced pages. On December 29, 2025, Plaintiff filed an Emergency
Motion for Temporary Restraining Order and Preliminary Injunction (ECF 20) and a supporting
declaration (ECF 19).

To obtain such preliminary injunctive relief, Plaintiff must show: (1) that she is likely to
suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or
(b) sufficiently serious questions going to the merits to make them a fair ground for litigation and
a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ.
Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted);
*Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an
extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear

showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

In her complaint, Plaintiff asserts that the City of New York has "through a custom and policy of deference to politically connected real estate developers, deprived Plaintiff of their constitutional rights to Due Process and Equal Protection." (ECF 1, at 1.)[1] She further asserts that Defendants "constitute an organized enterprise engaged in a pattern of racketeering activity (including extortion, assault, and violence) with the intent to displace low-income tenants and extract government funds, resulting in sever injury to the Plaintiff." (*Id.*) Plaintiff specifically alleges that Defendants have engaged in a "coordinated, militarized campaign of sonic warfare and psychological warfare" against her and that they use "vehicular and acoustic weapons to inflict life-threatening harm" on her. (*Id.* at 2.) Such "sonic warfare" includes banging on the walls, slamming doors, and vehicles making noise outside of Plaintiff's window. Plaintiff also alleges that Defendants engage in ongoing surveillance consisting of "use of the building's in-built management app (Carson) and the in-built wifi (Younity) to track activity and install spyware on connected devices," and "mirrors and lights shined in the window, coupled with real-time audio interference" (ECF 5, at 2.)

In her declaration in support of her motion for preliminary relief, Plaintiff alleges that, absent an injunction, she will suffer irreparable harm because

> Defendants possess a biometric and creative clone of me that they can (and have) used and may continue using to torture me indefinitely, using my own creative skills, voice, and likeness against me for the purpose of exploiting free and profitable data and intuitive intelligence. The progressive occurrence of the physical attacks triggered by a vocal response constitute evidence that this ongoing crime has created imminent danger and put my life increasingly at risk.

---

[1] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the original documents unless otherwise noted.

(ECF 19, at 1.) She further asserts that Defendants are "misappropriating my likeness for an illegal purpose by downloading my voice to use as a weapon of harassment (Acoustic Mirroring), and likely even having given access to third parties" who have "used my voice as an asset in developing or training AI strategies or models without my knowledge or consent." (*Id.*)

In her motion, Plaintiff requests an order directing the New York City Human Resources Administration to "immediately release the CityFHEPS updated Housing Voucher and associated "Shopping Letter' required for Plaintiff's emergency transfer to 25 Water Street" and to cover the moving expenses; enjoining Defendants "from withholding, purging, or delaying Plaintiff's administrative files"; and directing that the "housing opportunity at 25 Water Street be preserved and not re-assigned pending the administrative processing of funds." (ECF 20, at 1.) In her declaration, Plaintiff requests an ordering enjoining the management of a building at 25 Water Street from "[p]ossessing, accessing, or processing any AI models, algorithms, or datasets trained on Plaintiff's voice, likeness, or creative works" and from "[u]tilizing the Plaintiff's podcast content or 'voiceprint' to direct, inform, or trigger any 'security' protocols or personnel actions." (ECF 19, at 3.)

The Court denies Plaintiff's request for preliminary injunctive relief because her submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Even when read with the solicitude afforded to *pro se* litigants, many of Plaintiff's allegations, which are often conclusory and lack any plausible factual predicate, border on the frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."); *Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir.

3

2020) (holding that "the district court did not err in sua sponte dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at \*4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his/her allegations were "irrational and wholly incredible"). While some of Plaintiff's allegations are plausible—for example, her allegations that motor vehicles make loud noises outside of her window—she alleges no plausible facts suggesting that the Defendants were connected to those noises or that events she describes give rise to a viable federal claim against Defendants.

Accordingly, the Court denies Plaintiff's request for an emergency temporary restraining order and preliminary injunctive relief. (ECF No. 20.) The Court will address Plaintiff's complaint in due course.

## CONCLUSION

The Court denies Plaintiff's request for an emergency restraining order and preliminary injunctive relief. (ECF 20.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 2, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge