UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CC MONROE,

                    Plaintiff,

          -against-

THE CITY OF NEW YORK, ET AL.,

                    Defendants.

25-CV-10260 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. By order dated January 2, 2026, the Court denied Plaintiff's emergency motion for a temporary restraining order and preliminary injunction. (ECF 27.) In that order, the Court noted that, since filing the complaint in this action, Plaintiff had filed 15 additional letters and declarations. Since the Court issued its order, Plaintiff has filed numerous additional motions, letters, statements, and declarations. Most recently, on January 10, 2026, Plaintiff filed another emergency request for a temporary restraining order and preliminary injunction. (ECF 41.) For the reasons set forth below, the Court denies Plaintiff's motion for emergency preliminary relief and warns Plaintiff that continued filing of repetitious, duplicative and frivolous documents may result in an order directing her to show cause why she should not be enjoined from filing additional documents in this action without obtaining permission from the court.

## A.    Request for preliminary injunctive relief

To obtain preliminary injunctive relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ.*

*Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

The Court denies Plaintiff's second request for preliminary injunctive relief for the same reasons it denied her first request for such relief. Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. As stated in the Court's January 2, 2026 order, Plaintiff's allegations are borderline frivolous, and do not suggest a viable federal claim against Defendants. (*See* ECF 27, at 3-4.) Accordingly, Plaintiff's motion for preliminary injunctive relief (ECF 41) is denied.

**B.      Warning**

Since filing the initial complaint in this action, Plaintiff has filed 33 additional documents, including an emergency motion filed eight days after the Court denied her previous emergency motion.[1] The Court warns Plaintiff that continued filing of repetitious, duplicative, or frivolous submissions in this action may result in an order directing her to show cause why she should not be barred from filing additional documents in this action while her complaint is pending without first obtaining leave to file from the court. *See* 28 U.S.C. § 1651.

---

[1] The documents filed by Plaintiff include multiple letters, "supplements," and declarations, including documents labeled "Affidavit of Administrative Tampering and Concerted Action" (ECF 24), "Notice of Filing Supplementary Evidence Packets" (ECF 13), "Supplemental Declaration – Payroll Pattern Detection" (ECF 18), and "Declaration of Advanced Psychological Warfare Tactics and Scientific Basis for Protective Order" (ECF 17).

**CONCLUSION**

The Court denies Plaintiff's request for preliminary injunctive relief. (ECF 41.)

The Court warns Plaintiff that continued filing of repetitious, duplicative, or frivolous submissions in this action may result in an order directing her to show cause why she should not be barred from filing additional documents in this action while her complaint is pending without first obtaining leave to file from the court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 14, 2026
         New York, New York

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
Chief United States District Judge

3