UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CC MONROE,

              Plaintiff,

        -against-

THE CITY OF NEW YORK, ET AL.,

              Defendants.

25-CV-10260 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, filed this action on December 10, 2025. Plaintiff applied to proceed with this action *in forma pauperis* ("IFP"), and, by order dated December 30, 2025, the Court granted her request. (ECF 21.)  By order dated January 2, 2026, the Court noted that Plaintiff had filed 15 letters, declarations, and motions, including an emergency motion for preliminary injunctive relief, and denied her request for preliminary injunctive relief. (ECF 27.) Plaintiff continued filing declarations, motions, and notices. By order dated January 14, 2026, the Court denied Plaintiff's second motion for emergency preliminary injunctive relief, and warned her that, if she continued to file repetitious, duplicative, or frivolous submissions in this action, the Court might issue an order directing her to show cause why she should not be barred from filing additional documents in this action while her complaint is pending without first obtaining leave to file from the court. (ECF 54.)

Notwithstanding the Court's warning, Plaintiff has continued to file various documents, including two amended complaints, additional motions for preliminary injunctive relief, discovery-related motions, and a motion for service by the United States Marshals. For the reasons set forth below, the Court denies Plaintiff's motions, directs her to file a third amended

complaint, and repeats its warning with respect to the potential consequences of Plaintiff's filing history in this action.

## DISCUSSION

### A.      Emergency motion

On January 13, 2026, Plaintiff filed an Emergency Motion For Protective Order Regarding Digital Surveillance, Biometric Privacy, and Data Sovereignty. (ECF 45.) In that motion, Plaintiff seeks an order "governing the digital administration" of her apartment at 25 Water Street because "the property's reliance on advanced 'PropTech' (Property Technology) infrastructure presents an imminent threat of continued digital surveillance, data mining, and third-party tracking." (*Id.* at 1.) Plaintiff requests that the Court direct the management company of her apartment building to, among other things, register her "key fob and building profile under a pseudonym . . . or a randomized numeric code"; not require her to download or install any smartphone application; prohibit the building management from entering Plaintiff's "face, voice, gait, or biometric data" into any security system or "AI-drive 'anomaly detection' database." (*Id.* at 3-4.)

To obtain preliminary injunctive relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

The Court denies Plaintiff's request for the same reason it denied her first two motions for preliminary injunctive relief. Her submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor.

**B.      Request to issue summonses**

In a motion filed on March 9, 2026, Plaintiff requests that the Court direct the United States Marshals Service to effect service on Defendants. (ECF 79.) As noted above, Plaintiff proceeds IFP. (ECF 21.) Under the IFP statute "the district court must determine whether the action shall be dismissed (1) as frivolous or malicious, (2) for failure to state a claim, or (3) because the action seeks monetary relief from a defendant immune from such relief," *Staley v. Navy Fed. Credit Union*, No. 1:24-CV-8265 (LTS), 2025 WL 1685233, at *3 (S.D.N.Y. June 15, 2025) (citing 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (the "IFP statute")). Plaintiff's claims currently are being reviewed pursuant to the screening requirements in the IFP statute, a task that is not facilitated by Plaintiff's continuous filing of motions, amended complaints, and other documents.

Because the court has not yet screened Plaintiff's complaint under the IFP statute, it would be "premature to order service" before the court fulfills that statutory obligation. *McClellon v. Lemonade Ins. Co.*, No. 24-CV-8617 (LTS), 2025 WL 2988498, at *1 (S.D.N.Y. Sept. 11, 2025). The Court therefore denies Plaintiff's request for the Clerk of Court to issue summonses and for the United States Marshals Service to effect service, without prejudice to renewal after the court screens the operative complaint, at which time it will, if necessary, direct that summonses be issued and service on Defendants be effected.

**C.      Discovery-related requests**

In the same March 9, 2026 motion, Plaintiff seeks a protective order under Rule 26(c) of the Federal Rules of Civil Procedure and appointment of a special master to oversee discovery under Rule 53 of the Federal Rules of Civil Procedure. (ECF 79.)

Rule 26 requires parties, while awaiting discovery requests, to make initial disclosures of certain information within 30 days after being served or joined, unless a different time is set by stipulation or court order. Fed. R. Civ. P. 26(a)(1)(C). "A party or any person from whom discovery is sought may move for a protective order," either in the court where the action is pending, or the court for the district where a deposition will be taken, to limit disclosure or discovery. Fed. R. Civ. P. 26(c).

A Rule 26(c) motion requires the moving party to certify that the movant has attempted to meet and confer with affected parties to resolve the discovery dispute without court action. Because Plaintiff brings this motion prior to service on Defendants, it is premature. The Court therefore denies Plaintiff's motion for a protective order, pursuant to Rule 26(c), without prejudice to renewal after issuance of an order of service of the summons and complaint.

Plaintiff also requests, pursuant to Rule 53 of the Federal Rules of Civil Procedure, that the Court appoint a special master "to oversee pretrial discovery and communications between the parties." (ECF 79, at 1.) Rule 53(a)(1)(C) allows the court to appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). As the Court has explained above, this action is subject to screening under Section 1915, and the court has not completed that review. Defendants have not been served, and discovery has not commenced. Plaintiff's motion for a special master is therefore premature, and the Court dismisses the motion without prejudice to renewal at an appropriate time.

**D.      The operative pleading**

Since filing the original complaint in this action, Plaintiff has filed two amended complaints, 30 declarations, 12 letters, 9 motions, 13 notices, and 5 memoranda of law. Although the second amended complaint is currently the operative pleading, Plaintiff's other submissions include allegations that are not included in the second amended complaint, making it unclear what exactly Plaintiff is alleging and what claims she is asserting. The Court therefore directs Plaintiff, within 30 days, to file a third amended complaint, which will serve as the operative pleading in this action. The third amended complaint should consist of a single document and must name each defendant Plaintiff seeks to sue and include all allegations that Plaintiff wants the court to consider. The third amended complaint must also comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a short and plain statement showing that Plaintiff is entitled to relief against each defendant. While the third amended complaint must include enough facts to state a claim for relief "that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), Plaintiff does not need to prove her allegations or provide supporting evidence at this stage of the litigation.

If Plaintiff files a third amended complaint, the court will screen the complaint under Section 1915 and, if necessary, direct that summonses be issued. If Plaintiff does not file a third amended complaint within the time prescribed, the court will treat the second amended complaint (ECF 70) as the operative pleading, giving no weight to any allegations or other statements in her various additional filings.

**E.      Warning**

The Court repeats the warning it issued in its January 14, 2026 order. (ECF 54, at 2.) If Plaintiff continues to file frivolous, repetitive, duplicative, or nonmeritorious documents before the court completes the mandatory screening process under the IFP statute, the Court will direct

Plaintiff to show cause why she should not be barred from filing additional documents in this action while her complaint is pending without first obtaining leave to file from the court. *See* 28 U.S.C. § 1651 The Court will not address by order any future motions filed by Plaintiff before it completes its screening of the operative complaint.

## CONCLUSION

The Court denies Plaintiff's request for preliminary injunctive relief (ECF 45), her discovery-related motions, and her motion for the United States Marshals Service to effect service on Defendants (ECF 71.) The Court directs the Clerk of Court to terminate the motions pending at ECF 37, 38, 45, 50, 71, and 79.

The Court repeats its warning that, if Plaintiff continues to file frivolous, repetitious, duplicative, or nonmeritorious submissions in this action, the Court will direct her to show cause why she should not be barred from filing additional documents in this action while her complaint is pending without first obtaining permission to file from the court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    March 16, 2026
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge