The Court orders the following:

1) Plaintiff may file her position regarding the request to extend GFP's time to respond or answer within **three days** of this order.

2) GFP's request to be heard at the **October 1 in-person conference** regarding their motion to dismiss is GRANTED. The Court will address GFP's, Blue Owl Capital's, and Plaintiff's pre-motion filings (Dkt. Nos. 119, 122, and 127) on **October 1, 2026 at 2:00 PM,** at the Thurgood Marshall Courthouse at 40 Foley Square in courtroom 228.

3) The Clerk of Court is respectfully directed to prepare and forward necessary papers to the United States Marshal for service to ensure that all Defendants who have not yet appeared in this case are properly served with a copy of the operative pleading, which is the Verified Third Amended Complaint at Dkt. No. 87, rather than the originally served Amended Complaint at Dkt. No. 70.

**SO ORDERED.**

JENNIFER E. WILLIS
United States Magistrate Judge
September 25, 2026

**VIA ECF AND EM**
The Hon. Jennifer E
United States Magis
Southern District of
Thurgood Marshall
United States Courth
40 Foley Square
New York, New Yo

Re:

Dear Judge Willis:

This firm represents Defendant GFP Real Estate, LLC, i/s/h as GFP Real Estate ("GFP") in the above-captioned action. This letter motion is submitted in accordance with Your Honor's Individual Practices in Civil Cases. We are writing to request a 30-day extension of time to answer, move and/or otherwise respond to the Third Verified Amended Complaint (the "Complaint"), pursuant to Rules I (B), (C).[1] According to ECF Docket No. 116, GFP's answer is due by September 29, 2026. This is GFP's first request to the Court for an extension of time to answer, move or otherwise respond to the Complaint. By email dated September 23, 2026, we reached out to Plaintiff CC S. Monroe seeking an extension of time. Plaintiff has not yet responded to our email. By way of background, on July 28, 2026, we first email the Plaintiff seeking an extension of time to respond to the Complaint served on June 8, 2026, which Plaintiff denied unless GFP acquiesced to all of Plaintiff's demands on an expedited basis. However, shortly thereafter, we were notified of insurance coverage issues among the several different insurance carriers holding policies issued to GFP on this matter, and we had no authority to file a notice of appearance and represent GFP in this case at that time. We were advised only earlier this week that GFP's insurers have resolved their issues and our firm now has authority to represent GFP in this case. GFP seeks a brief extension because we need time to investigate the facts underlying the Complaint and formulate a defense.

We are also writing to request a pre-motion conference pursuant to Rule I (B) for GFP's anticipated motion to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff asserts claims for alleged violations of the 42 U.S.C. § 1983 (Monell Claim), Fair Housing Act, the

[1] GFP notes that the complaint attached to the Summons it received on September 8, 2026 was the Amended Complaint (ECF No. 70). GFP assumes that this was an inadvertent error, and the Third Verified Amended Complaint is the operative complaint (ECF No. 87).

Americans with Disabilities Act, the Violence Against Women Act, the Civil Racketeering Influenced and Corrupt Organizations Act, the New York False Claims Act, Intentional Infliction of Emotional Distress, Tortious Interference with Prospective Economic Advantage, Civil Battery, and Spoliation of Evidence, arising out of Plaintiff's attempts to secure public housing.

Plaintiff's claims against GFP should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because they fail satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a). Rule 8(a) of the Fed.R. Civ. P provides, "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *See also Lynch v. City of N.Y.*, 952 F.3d 67, 74 (2d Cir. 2020); *Whitfield v. Johnson*, 763 F. App'x 106, 107-08 (2d Cir. 2019); *Katz v. New York City Hous. Pres. & Dev.*, 2022 WL 3156178, at n. 3 (S.D.N.Y. Aug. 8, 2022) (Cronan, J.). The Second Circuit has further held, the "principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *See Salahudin v. Cuomo,* 861 F.2d 40, 42 (1988). The Second Circuit has further concluded, "[a] complaint may be dismissed under Rule 8 if it 'is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.'" *Whitfield*, 763 F. App'x at 107-08 (2d Cir. 2019); *see also Levesque v. U.S.A.*, 2025 WL 1435274, *2-3 (N.D.N.Y. April 28, 2025).

Significantly, GFP is only mentioned three times in the 61-paragraph Complaint. First, the Complaint alleges GFP and three other defendants "manage the ongoing Manhattan phase of the constructive eviction". *See* Complaint, ¶ 10. Second, the Complaint alleges, "[p]rior to official relocation, during the application and selection process, Plaintiff submitted formal written requests for medical Reasonable Accommodations under the ADA and FHA to Defendants SoMA and GFP, previously having sent medical documentation through RESIDE requesting relocation to a quiet unit or the installation of adequate sound attenuation." *See* Complaint, ¶ 27. Third, the Complaint alleges GFP and three other defendants " have engaged in a systemic 'Tenant Churning' enterprise to defraud the City and State of New York." *See* Complaint, ¶ 41. The Complaint does not describe GFP's role in causing Plaintiff damages or any acts or omissions on the part of GFP that provide a basis for relief. It is inequitable for GFP to defend against such vague allegations, which are insufficient to give it fair notice of the claims against it. As a result, GFP intends to move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failing to satisfy the notice pleading requirements of Rule 8(a) of the Fed. R. Civ. P.

GFP proposes the following briefing schedule: GFP to file its motion on or before October 26, 2026; Plaintiff to file opposition on or before November 16, 2026; and GFP to file its reply papers on or before November 30, 2026. In response to Defendant Blue Owl Capital's Pre-Motion Letter in anticipation of Motion to Dismiss, the Court has already scheduled a pre-motion conference on October 1, 2026 at 2 pm. GFP respectfully requests that this conference also address GFP's anticipated pre-answer motion to dismiss, or in the alternative, another pre-motion conference be scheduled to address GFP's anticipated pre-answer motion to dismiss.

We thank the Court for its consideration in this matter.

Respectfully submitted,

**MILBER MAKRIS PLOUSADIS & SEIDEN, LLP**

By:

Laura Brecher, Esq.
Christopher A. Albanese, Esq.
*Attorneys for Defendant*
*GFP REAL ESTATE LLC i/s/h as GFP REAL ESTATE*
100 Manhattanville Road, Suite 4E20
Purchase, New York 10577
(914) 231-8015
lbrecher@milbermakris.com
calbanese@milbermakris.com
File No.: 1597-35214

TO: CC S. Monroe (via certified mail and email)
Plaintiff Pro Se
25 Water Street, Apt. 1612
New York, New York 10004
ccsmonroe@tuta.io

All Counsel of Record (via ECF)