UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CC MONROE, Plaintiff, -against- THE CITY OF NEW YORK, *et al.*, Defendants. | **ORDER FOLLOWING PREMOTION CONFERENCE** **25-CV-10260 (JPC) (JW)** |

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court held a premotion conference on October 1, 2026 to discuss several anticipated motions to dismiss the Third Amended Complaint ("TAC"), as well as Plaintiff's opposition. Dkt. Nos. 119, 122, 127, and 138. Plaintiff appeared *pro se*. Counsel appeared for the City of New York, Blue Owl Capital, GFP Real Estate LLC (pled as "GFP Real Estate"), and the Choice Defendants.[1] For the reasons stated more fully on the record, the Court orders the following:

1. Plaintiff's motions for leave to amend the TAC are **DENIED** at this time. Dkt. Nos. 122 and 142. This is because Judge Swain already informed her that her TAC needed to include all relevant allegations for the Court's consideration. Dkt. No. 85. At present, the Court does not believe a fourth amendment is warranted.

2. Plaintiff's additional requests for relief as set forth in her filing at Dkt. No. 142 are all **DENIED** because they seek extraordinary remedies. Plaintiff

[1] Associa, Choice NY Management, and Michael Feldman are all represented by Smyth Levenson, LLP, which refers to them jointly as the "Choice Defendants." Dkt. No. 138.

would need to exceed the already-high standard to receive these remedies, especially since the Court has already rejected similar asks before. See, e.g., Dkt. Nos. 21, 54, and 85. Here, Plaintiff seeks an emergency protective order and injunctive order compelling accommodations. Dkt. No. 142 at 5. Having reviewed Plaintiff's submissions, the Court finds that the logic articulated in earlier orders applies here. Plaintiff does not show that the Court was wrong in its earlier orders or why these extraordinary remedies are needed. Plaintiff is warned again that she cannot keep renewing requests that the Court has already ruled on.

3. Plaintiff also seeks an evidentiary preservation order for electronic records and files. Dkt. No. 142 at 5. This request is **DENIED** because it is superfluous. Rule 37(e) of the Federal Rules of Civil Procedure already requires all parties to take reasonable, good-faith steps to preserve such information.

4. The Clerk of Court is respectfully directed to prepare and forward necessary papers to the United States Marshal for service to ensure that **all** Defendants, *except for* the City of New York, are properly served with a copy of the operative pleading. This is the Third Amended Complaint at Dkt. No. 87, rather than the originally served Amended Complaint at Dkt. No. 70. Defendants with counsel of record in this action may be served via counsel. This Order supersedes the Court's order at Dkt. No. 129 directing

service. In addition, the Clerk of Court is requested to ensure that the docket reflects the current Parties from the TAC and subsequent filings.[2]

5. While service of the TAC is underway, all deadlines for Defendants to respond to the complaint are stayed. This includes the deadline for the City of New York's response.

6. For the sake of judicial efficiency and all Parties' resources, Defendants should confer regarding a proposal to coordinate the briefing for their motions to dismiss. The Defendants are also directed to confer with Plaintiff regarding a proposed briefing schedule for the upcoming motions to dismiss. The Court emphasizes that the Parties have an absolute right to argue their position, and any streamlined briefing is not meant to shortchange that right. Defendants should submit any proposal to the Court and include a proposed briefing schedule and pagination division between shared and individual issues.

7. Defendants are jointly directed to order a copy of the transcript of this proceeding and provide it to Plaintiff and the Court. In addition, Defendants shall email a copy of this order to Plaintiff. Plaintiff is reminded that she may receive court filings electronically rather than by mail by following the instructions at this link: https://nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases.

---

[2] For example, Blue Owl Capital and Choice NY Management are erroneously listed on ECF as "TERMINATED: 01/15/2026."

8. Plaintiff is directed to communicate with Defendants' attorneys, rather than Defendants themselves.

The Clerk of Court is respectfully directed to close Dkt. Nos. 138 and 142.

SO ORDERED.

Dated: October 2, 2026

New York, New York

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge