UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CC MONROE,<br><br>Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, *et al.*,<br><br>Defendants. | **ORDER**<br><br>**25-CV-10260 (JPC) (JW)** |

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in receipt of various filings from Plaintiff. Dkt. Nos. 150, 151, 152, 153, 163, and 164. The Court has also reviewed Defendant GFP Real Estate's Letter in response to Plaintiff's submissions. Dkt. No. 160. In addition, the Court has also been copied via email on Plaintiff's submissions to the *pro se* intake unit of the Court which may not yet be reflected in the docket.

As explained below, each of Plaintiff's requests for relief is **DENIED** and Plaintiff is warned, for the last time, that continued unwarranted filings and unsolicited outreach to the Court are not permitted. She also may not include the Court on e-mail communications or filings. If Plaintiff continues this conduct, the Court will issue an order to show cause and is likely to recommend a filing injunction.

**PLAINTIFF'S SERVICE REQUESTS**

Plaintiff makes several requests related to service, which are enumerated below. Dkt. No. 152 at 3 (together, the "Service Requests"):

1. Formally note on the docket this second incident of improper service as to Defendant DSS and the continuing pattern of unperfected service across all defendants since the October 1, 2026 conference;

2. Order an immediate, comprehensive audit by the Clerk of Court and the U.S. Marshals Service of the service status of every named defendant in this action who has not formally appeared;

3. Issue a mandatory directive requiring the U.S. Marshals Service to immediately execute prompt, legally compliant personal service of the operative Third Verified Complaint upon Defendant DSS (via personal hand-delivery at 150 Greenwich Street, 38th Floor) and upon all other unserved or defectively served defendants in strict conformity with Federal Rule of Civil Procedure 4 and governing law; and

4. Direct the U.S. Marshals Service to file executed Affidavits of Service on the ECF docket within fourteen (14) days. "Formally note on the docket this second incident of improper service as to Defendant DSS and the continuing pattern of unperfected service across all defendants since the October 1, 2026 conference."

Each of the Service Requests is **DENIED** for two reasons. First, DSS is no longer an individual party in this case. The City of New York has already appeared and been served with the Third Amended Complaint as discussed in the October 1 Conference. Dkt. No. 143 at ¶¶ 4-5. No separate service on DSS needs to be made.

Second, the U.S. Marshals Service will execute the service requests made in this case in due course. Service is time-consuming and requires extensive resources. That is even more true in cases like this one, where there are so many Defendants that need to be served. The Court also notes that Plaintiff did not provide the service addresses for multiple Defendants until October, when the Court reminded her that she needed to do so. Dkt. No. 145, citing Dkt. No. 90.

Under Federal Rule of Civil Procedure 4(m), the USMS has 90 days to attempt to complete service, but it ***may*** take longer. Service is ultimately Plaintiff's responsibility, not the U.S. Marshals. As such, if an extension to complete service is needed, Plaintiff must request it. Plaintiff should refer to the SDNY Handout on

Service of Process in *In Forma Pauperis* Cases available at https://www.nysd.uscourts.gov/sites/default/files/2024-07/Guide%20-%20Service%20-%20Summons%20and%20Complaint%20-%20IFP.pdf. The Court also encloses a copy of this material to this Order. There is no evidence before the Court that the Marshals Service is not working with diligence to serve the TAC on all Defendants in due course. Thus, the Court **DENIES** Plaintiff's Service Requests.

Further, as GFP points out, Plaintiff did not follow the procedures set forth in this Court's Individual Rules at I(B). Dkt. No. 160 at 1. ("Plaintiff has failed to submit such a letter, and instead, has submitted a de facto motion, comprised of five documents including a status letter, a memorandum of law, a declaration, a chronology, and a compilation of 300 pages of exhibits, all without authority to do so.") Plaintiff's *pro se* status does not excuse her from following the Court's requirements and procedures for motions and conferring with other Parties.

**PLAINTIFF'S SUBSTANTIVE CLAIMS AND ALLEGATIONS**

Separately, Plaintiff requests that the Court "Maintain and sustain Plaintiff's claims under the Fair Housing Act, New York Real Property Law § 235-b, quiet enjoyment, private nuisance, intentional and negligent infliction of emotional distress, tortious interference, and related common-law protections against preliminary dismissal." Dkt. No. 153 at 8.

Plaintiff also filed papers opposing "dismissal" and supporting her claims. Dkt. Nos. 163, 164. Plaintiff asks "that the Court deem those allegations a supplemental pleading or grant leave to file a Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d); and Plaintiff should be permitted to proceed to discovery

compelling production of architectural drawings, hardware schedules, Department of Buildings filings, STC acoustic test reports, amenity punch lists, and municipal ledger accounting records." Dkt. No. 163.

These filings are all premature and unsolicited because no motion to dismiss has been filed yet. Any motion to dismiss will only come after service of the TAC is complete. As Plaintiff raises in her Service Requests, this process is still ongoing. Plaintiff will have a chance to oppose dismissal ***after*** motions to dismiss are filed.

Now is not the time for the Court to decide the merits of Plaintiff's allegations. When that time comes, the Court will analyze the claims ***as pled in the TAC***. Plaintiff cannot introduce new allegations and claims through unsolicited filings, and she cannot repeatedly renew her requests to amend pleadings again without a good reason. Dkt. Nos. 85, 143. Accordingly, all of these requests are **DENIED**.

**PLAINTIFF'S ONGOING REFUSAL TO FOLLOW COURT ORDERS**

Over the course of this case, the Court has repeatedly told Plaintiff that her filings need to be in line with the Court's procedures and deadlines.

On January 2, 2026, Judge Swain denied Plaintiff's request for an "emergency restraining order and preliminary injunctive relief." Dkt. No. 27 at 4. In that order, Judge Swain also noted that since Plaintiff filed her complaint less than one month prior, she had filed "15 additional letters and declarations, totaling more than 125 single-spaced pages." Dkt. No. 27 at 1.

Less than two weeks later, on January 14, Judge Swain denied another request by Plaintiff for emergency relief, noting that Plaintiff had continued to file "numerous additional motions, letters, statements, and declarations" (at Dkt. Nos. 31-53) since

the Court's prior order. Dkt. No. 54 at 1. Judge Swain warned Plaintiff that "continued filing of repetitious, duplicative and frivolous documents may result in an order directing her to show cause why she should not be enjoined from filing additional documents in this action without obtaining permission from the court" under 28 U.S.C. § 1651. Dkt. No. 54 at 1.

Plaintiff was apparently undeterred by the Court's admonishments. On March 16, Judge Swain issued another order denying numerous motions. The Order stated, "Plaintiff has continued to file various documents, including two amended complaints, additional motions for preliminary injunctive relief, discovery-related motions, and a motion for service by the United States Marshals." Dkt. No. 85 at 1. Judge Swain reminded Plaintiff again that if she "continues to file frivolous, repetitious, duplicative, or nonmeritorious submissions in this action, the Court will direct her to show cause why she should not be barred from filing additional documents in this action while her complaint is pending without first obtaining permission to file from the court." Dkt. No. 85 at 6.

After the case was reassigned to Judge Cronan, the Court held a case conference on October 1, 2026. During and after that conference, the Court warned Plaintiff that she cannot repeatedly renew requests that the Court has already ruled on. Dkt. No. 143 at 2.

Plaintiff's behavior has continued unabated. She has submitted voluminous motions, declarations, and requests for relief since that order. Dkt. No. 150-153, 163-164. In addition, the Court has serious concerns that Plaintiff is not communicating

with Defendants reasonably or in good faith as outlined in GFP Real Estate's Letter. Dkt. No. 160 at 1. (objecting to Plaintiff's "emailing counsel at all hours, multiple times a day, demanding immediate compliance with same-day deadlines imposed unilaterally by Plaintiff, without any authority to do so, and then contending that defendant is in "default" of such deadline.")

The Court's patience has run out. This is Plaintiff's final warning that if she continues to make filings that are repetitive, without merit, or otherwise not called for by the case schedule, this Court will issue an order to show cause and is likely to recommend that Judge Cronan issue a filing injunction. Dkt. Nos. 54, 85. A filing injunction would bar Plaintiff from filing additional documents without first seeking permission from the Court. See 28 U.S.C. § 1651.

## CONCLUSION

For the reasons above, each of Plaintiff's requests throughout Dkt. Nos. 150-153, 164, and 165 is **DENIED**. Plaintiff must cease her pattern of frivolous and repetitive submissions to the Court that are unsolicited. She also must stop including the Court on email filings and communications. Finally, Plaintiff needs to communicate with counsel for other Parties in good faith and cooperatively. Good faith communication includes only contacting opposing counsel during business hours, providing adequate time for counsel to respond and limiting the number of communications. If Plaintiff continues to ignore the Court's admonishments, this Court will not hesitate to issue an Order to Show Cause and contemplate a filing injunction.

As of November 13, 2026, the Court cautions Plaintiff that *pro se* litigants such as herself are no longer able to file documents by email. Instead, she will need to upload her court documents using the *Pro Se* Document Submission Portal (https://www.nysd.uscourts.gov/forms/pro-se-portal-document-submission-instructions). Instructions from the Court's website regarding filing through the portal are appended to this order. If Plaintiff has any questions about filing on the Portal instead of email, she should contact the *pro se* intake unit by telephone at (212) 805-0175, during normal business hours, 8:30 a.m. to 5:00 p.m., Monday through Friday (except federal holidays and court closures). She may also inquire by email to Help_Desk@nysd.uscourts.gov.

The Clerk of Court is respectfully directed to close Dkt. No. 152.

SO ORDERED.

Dated: November 10, 2026
New York, New York

Jennifer E. Willis
JENNIFER E. WILLIS
United States Magistrate Judge

United States District Court
Southern District of New York

# SERVICE OF PROCESS IN *IN FORMA PAUPERIS* CASES

This guide is intended to be a summary of basic procedures for serving the summons and complaint. The statements in this guide do not constitute legal advice and may not be cited as legal authority. This guide does not take the place of the Federal Rules of Civil Procedure, this court's Local Civil Rules, or the individual rules of practice and orders of the judges of this court. Parties using this guide remain responsible for complying with all applicable rules of procedure.

## Service of the Summons

### What is a summons?

- A summons is a document notifying a defendant that she is required to participate in a court proceeding.

### What is service?

- "Service" is the type of process a plaintiff utilizes to notify the defendant that she has been named in a complaint and that she is required to appear in court. ***A case cannot proceed until service is complete.***
- The procedures for serving the summons and complaint are described in Rule 4 of the Federal Rules of Civil Procedure.

## Who Serves the Summons and Complaint?

### The United States Marshals Service Serves the Summons

- If you are proceeding *in forma pauperis* ("IFP") – that is, you submitted an application to the court to waive the filing fee and it was granted – *you do not need to serve the summons and complaint*. The U.S. Marshals Service will carry out this process and there is nothing you need to do to initiate it; it will be initiated by the Court's Order of Service.
- Please note that this process may be lengthy. The USMS has 90 days to attempt and complete service but it may take longer. Please note that the responsibility to

request an extension beyond 90 days lies with you, the plaintiff. *See* Extensions of Time – Rule 4(m), below.

## Newly Added Defendants in Amended Pleadings

- Each defendant must be served with a summons and complaint. If an amended pleading adds a new defendant, the assigned judge will issue a new order of service directing the Clerk of Court to issue a new summons. If an order of service has not been issued, you must ask the assigned judge in writing to issue the order of service.

## Extensions of Time – Rule 4(m)

### What is an expired summons?

- If 90 days have passed, from the date on the summons, the summons is "expired." If there is a defendant who has not been served, you will need to ask the assigned judge for an extension of time for service and for an amended summons.

### How do I ask for an extension of time to serve?

- If the USMS is unable to serve a defendant within 90 days, you must alert the court by filing a letter, addressed to your assigned judge, with the Pro Se Intake Unit, requesting an extension of time to serve the defendant. In your letter, you should state the reasons why you need more time. The assigned judge has discretion to grant a request for more time if made for "good cause" and can set a new date by which the defendants must be served.

## Serving Unknown Defendants – John and Jane Doe Defendants

### If I do not know the name of the defendant, how do I have that person served?

- You can ask the judge to direct the representation of the defendant to identify the defendant, who is often referred to as a "John Doe" or "Jane Doe" defendant. To make this request, you will need to provide as much identifying information about the Doe defendant, so the representative may identify the individual.
- Once the defendant identifies the John or Jane Does, the Court will issue an Order of Service to serve those new defendants and the USMS will serve those defendants.

# Service of All Other Documents

**What type of service is required after the summons has been served? Rule 5**

- If the defendant is represented by a lawyer, no service is required for documents filed electronically on the Court's electronic case filing system. The attorney for the defendant will receive the document on ECF.
- For defendants representing themselves, you must serve documents on a defendant either in person or by regular mail.
- Defendant's counsel must provide you with a hard copy of the defendant's submissions, either by regular mail or email, if you did not consent to electronic service.

**Can I email the defendant's attorney my discovery?**

- Only if you and the defendant's attorney agreed to serve discovery by email.

United States District Court
Southern District of New York

# Pro Se Portal: Step-by-Step Instructions

These instructions are intended to provide users with basic procedures for submitting documents through the Court's Pro Se Document Submission Portal.

Use the steps below to submit your documents to the Court through the **Pro Se Document Submission Portal**.

**Step 1: Go to the SDNY website**: www.nysd.uscourts.gov

1. Click the **menu button (☰)** in the top right corner *(to the right of the search bar)*
2. Click **Pro Se**.
3. Click **Submit Pro Se Files to the Court**.
4. Read the message on this page before moving on to Step 2.

**Step 2: Request Access to the Portal**

1. Enter your:
   - First Name
   - Last Name
   - Email Address
2. Complete the **CAPTCHA**.
3. Click **Submit**.
4. Check your email for an **"SDNY-Action Required: Complete your Submission notification from the Court". This email will be sent from 'noreply@nysd.uscourts.gov'.**
5. Open the email
6. Read the message in the email.
7. Click **Access Submission Page**.
8. Read the message on this page before moving on to Step 3.

**Step 3: Enter Your Information**

1. Enter your:
   - Phone Number - Type your 10-digit number. Ensure you separate the area code and the rest of the digits with periods (Format: XXX.XXX.XXXX).
   - Street Address
   - City/Town
   - State/Province
   - ZIP/Postal Code
2. Answer this question:

**Have you already submitted a Consent to Electronic Service form for this case to the Court?**

Select **Yes** or **No**.

3. Select whether you are submitting documents for a **New Case** or an **Existing Case**.

**If You Are Filing a NEW CASE**

4. Select the Case Type:

- **CV – Civil**
- **MC – Miscellaneous**

5. Click **Browse** next to the type of document you want to submit.
6. Select the **PDF** from your computer or device.
7. Complete the **CAPTCHA**.
8. Click **Submit**.

**If You Are Filing in an EXISTING CASE**

9. Enter your case information:

- Year
- Case Type:
  - **CV – Civil**
  - **CR – Criminal**
  - **MC – Miscellaneous**
- Case Number

10. Click **Browse** next to the type of document you want to submit.
11. Select & attach the **PDF** from your computer or device.

12. Complete the **CAPTCHA**.
13. Click **Submit**.

**Step 4: Check Your Email**

After your documents are submitted, check your email for an **"SDNY – Pro Se Submission Received"** email.

**Keep this email for your records.**

If you have any questions on how to use this portal, please contact the Pro Se Intake Unit via email at: 212.805.0175